Tilghman C. J.
The plaintiff in error was indicted and convicted in Indiana county, for attempting to conceal the death of her bastard child. The indictment contained two counts. 1st. For murder. 2d. For endeavouring to conceal the death of the child. The jury acquitted her of the murder, but found her “ guilty of the concealment in manner and form as she stands indictedR Three errors have been assigned. 1st. That the death of the child is not laid directly) but only by way of recital. 2. That the facts necessary *43 tb constitute the offence in the second count are not set forth. 9. That the verdict is imperfect.
1. The indictment sets forth, that Sarah Boyles was with child of and pregnant with a living female infant; that she brought forth the said infant from her body, secretly and pri*vately, and that the said infant was a bastard, and that the said Sarah, the said infant having on the day and year, &c. died, “ did endeavour, privately, to conceal the death of the said “infant.” Here is no recital. Taking the sentence altogether, the averment of death is positive. The child having died, the mother endeavoured to conceal the death. I cannot entertain a doubt concerning the meaning of the expressions.
2. The act on which the second count of the declaration is founded (22d April, 1794,) enacts, “ that if any woman shall “ endeavour privately, either by herself, or by the procure- “ ment of others, to conceal the death of any issue of her “body, male or female, which, if it were born alive,'would “ by the law be a bastard, so that it cannot Come to light, “ whether it were born dead or alive, or whether it were mur- “ dered or not, every such mother being convicted, &c. &c.” To constitute this offence, the child must be a bastard, and there must be an endeavour to conceal its death. Both these facts are set forth; but it is objected, that it should also be set forth, in what manner or by what arts, the mother endeavoured to conceal the death, in order that she may know precisely what is intended to be proved against her. I see. no reason for this. The offence is charged exactly as it is described in the law; and as for notice, it is enough that she knows she must come prepared to shew, that she did not endeavour to conceal the death of the child. This may be done by any positive act of her own, inconsistent with an intent to conceal. This law has been twenty years in force, and there have been many prosecutions and convictions under it. The present indictment is in'the usual form, to which I have never before heard this objection, nor do I think it founded on any good reason.
3. As to the verdict, although it may be conjectured, that the jury meant to find the prisoner guilty of the second count generally, yet they have hardly said enough to authorise us to speak positively as to their meaning. It is to be regretted that the verdict was taken in so imperfect a form. The jury *44 should have been asked, whether they intended guilty generally. They have said guilty of the concealment in manntft and form, Ssc. By the by, it was not concealment, but an endeavour to conceal, which constituted the offence, and was so laid in the indictment. But passing over this, as too minute a criticism, and granting that every thing relative to concealment is covered under the “ manner and form, Ssfc.” which is part of the verdict, still there is another essential fact, not connected with concealment, and that is bastardy; for unless the child was a bastard, there was no offence. Now I do not feel myself altogether justified in affirming, that guilty of concealment in manner andform, Sic. includes the circumstance of bastardy. If such was the intent of the jury, the Court, who received the verdict, should have recorded it in such a manner as to leave no doubt. As it stands, it does not warrant the judgment which has been entered. The judgment must be reversed.
Yeates J. absent.
Brackenridge J. concurred.
Judgment reversed.